UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Renee Annette Washington, <br><br> Plaintiff/Appellant, <br><br> v. <br><br> JPMorgan Chase Bank, N.A., <br><br> Defendant/Appellee. | Case No. 23-cv-14878 <br><br> Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

In this bankruptcy appeal, Plaintiff-Appellant Renee Annette Washington challenges the bankruptcy court's order overruling her objection to a Proof of Claim filed by Defendant-Appellee JPMorgan Chase Bank, N.A. ("Chase"). For the reasons explained below, the appeal of the bankruptcy court's order is moot and is dismissed.

**I. Background**

On May 16, 2023, Ms. Washington filed a *pro se* voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code. Bankr. [1].[1] Washington's schedule identified that she owned or had a legal or equitable interest in a single-family home at 567 Merrill Avenue, Calumet City, Illinois valued at $137,000. [18-2] at 14. As for secured claims, Washington listed a claim of $74,102.71 owed to Chase. *Id.* at 27. Washington identified the claim as disputed and described the liens as unperfected and fraudulent. *Id.*

---

[1] The Court cites to the bankruptcy docket at "Bankr. [ ]." The bankruptcy case was captioned *In re Renee Annette Washington*, Case No. 23-06435 in the Northern District of Illinois.

On June 28, 2023, Chase filed a Proof of Claim (the "Claim") for the mortgage loan in the amount of $122,121.29. [18-3] at 121–23. On July 10, 2023, Washington filed an Amended Objection to Chase's Proof of Claim asserting that the Claim did not comply with Federal Rules of Bankruptcy Procedure Rule 3001(c)(1)(2) and Rule 3001(d) and that the Chase mortgage security instrument is fraudulent and fabricated, among other objections. Bankr. [42] at 4–5. Chase responded to Washington's objection denying the allegations and requesting the bankruptcy court overrule the objections. Bankr. [44]. On August 29, 2023, Washington filed an Amended Objection to Chase's Proof of Claim making similar arguments as the initial objection (Bankr. [55]). In its response, Chase again disputed the allegations raised in the Amended Objection to the Proof of Claim. Bankr. [64].

On October 4, 2023, the bankruptcy court issued an order overruling Washington's objection to Chase's Claim (the "Claim Order"). Bankr. [73]; *see also* [19] at 13–43. The bankruptcy court explained that Rule 3001(c)(1) requires a claim based on writing to attach the writing and that Chase's Claim attached the requisite materials. [19] at 21–22. The bankruptcy court further explained that the Claim attached the information required under Rule 3001(c)(2) and Rule 3001(f). *Id.* at 23–25. The court determined Washington did not raise a substantive objection that overcame the validity of Chase's Claim. *Id.* at 25–43. On October 13, 2023, Washington filed a Notice of Appeal of Judge Barnes' Order allowing Chase's Proof of Claim. Bankr. [79].

On January 9, 2024, the United States Trustee moved to convert or dismiss Washington's Chapter 11 case pursuant to 11 U.S.C. 1112(b). Bankr. [136]. The U.S. Trustee argued conversion or dismissal was proper on the grounds that Washington failed to file proper and complete monthly operating reports, mismanaged the bankruptcy estate, and was unable to reorganize. *Id.* On March 20, 2024, Judge Barnes dismissed Washington's bankruptcy case under 11 U.S.C. 1112(b). Bankr. [173].

Before the Court now is Plaintiff-Appellant Washington's appeal of an order from Bankruptcy Judge Barnes overruling Washington's amended objection to Chase's Proof of Claim.[2] Washington requests this Court (1) determine the Bankruptcy Court erred in allowing the Proof of Claim that did not adhere to numerous federal and Illinois statutes and procedures; (2) find the bankruptcy court abused its discretion; and (3) reverse the Claim Order. [3] at 2–3; [12] at 1–2.

## II. Analysis

### A. Jurisdiction

District courts have jurisdiction to hear bankruptcy appeals from (1) final judgments, orders, and decrees of the bankruptcy court; (2) interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with leave of court from other

---

[2] Ms. Washington also filed an appeal of another order entered by the bankruptcy court denying a motion to recuse Judge Barnes for cause (the "Recusal Order"). *Washington v. JPMorgan Chase Bank N.A.*, Case No. 1: 23-cv-14882 (N.D. Ill.). On June 14, 2024, Ms. Washington's appeal of the Recusal Order was dismissed for failure to prosecute. *Id.* at [33], [34].

3

interlocutory orders and decrees. 28 U.S.C. § 158(a). Plaintiff-Appellant Washington asserts jurisdiction is proper pursuant to 28 U.S.C. § 158(a)(1) because, according to her, the Claim Order is a final judgment. [33] at 1; *see also* [3] at 1 (citing *In re Lewis*, 459 B.R. 281, 291 (N.D. Ill. 2011)). The Defendant-Appellee disagrees and argues the Court lacks any basis for jurisdiction over Washington's appeal. [37] at 2–5.

Courts apply a more "flexible" approach to finality in the bankruptcy context than is required in most federal litigation. *In re McKinney*, 610 F.3d 399, 401 (7th Cir. 2010) (citing *Zedan v. Habash*, 529 F.3d 398, 402 (7th Cir. 2008)). This flexible approach arises from the nature of bankruptcy as "an aggregation of individual controversies" and the need to efficiently resolve discrete disputes that may arise in a sprawling bankruptcy case. *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015) (quoting 1 Collier on Bankruptcy ¶ 5.08[1][b], p. 5–42 (16th ed. 2014)); *see also McKinney*, 610 F.3d at 402.

Thus, "[t]he Supreme Court has explained that § 158 authorizes appeal as of right from 'orders in bankruptcy cases . . . if they finally dispose of discrete disputes within the larger [bankruptcy] case.'" *Hazelton v. Bd. of Regents for the Univ. of Wis. Sys.*, 952 F.3d 914, 917 (7th Cir. 2020) (quoting *Bullard*, 575 U.S. at 501). The entire bankruptcy need not be concluded for a district court to review a decision that concludes an adversarial proceeding within the broader bankruptcy. "Generally, the easiest way to tell whether an order is sufficiently final in the bankruptcy context is whether it resolves a proceeding within the bankruptcy that would be a freestanding lawsuit if there were no bankruptcy action." *McKinney*, 610 F.3d at 402.

4

The relevant question, therefore, is whether the Claim Order is a final order. Chase argues it is not. The bank on relies on *Bullard*, in which the Supreme Court held that an order denying confirmation of a Chapter 13 plan is not final unless the bankruptcy court also dismisses the underlying bankruptcy case. *Id.* at 1692–93. The Court reasoned that, in the context of the consideration of Chapter 13 plans, the relevant "proceeding," for purposes of § 158(a), is the entire process of considering plans, which terminates only when a plan is confirmed or—if the debtor fails to offer any confirmable plan—when the case is dismissed. *Id.* at 1692.

The Court is not persuaded as the context here differs from *Bullard*. The Seventh Circuit has held that court orders overruling objections to claims are final appealable orders. *In re Hood*, 449 Fed. Appx. 507, 509 (7th Cir. 2011) ("A bankruptcy judge's decision to allow a claim is a "final" order that is immediately appealable to the district court under § 158(a)(1)"); *Matter of Wade*, 991 F.2d 402, 406 (7th Cir. 1993) (same); *see In re Morse Electric Co., Inc.,* 805 F.2d 262, 264 (7th Cir. 1986) (explaining the disposition of a creditor's accepted claim is final even though the court has not yet established how much of the claim can be paid given"); *In re Fox*, 762 F.2d 54, 55 (7th Cir.1985) ("A proceeding to establish a claim against a bankrupt estate is final for purposes of appeal when it is over and done with, even though the bankruptcy goes on.").

Accordingly, the Claim Order is a final appealable order over which the Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1). This finality is not displaced because Washington did not file a motion for reconsideration. *See* [37] at 3. Rulings

5

on claim allowances *may* be reconsidered for cause under 11 U.S.C. § 502(j), but filing a motion for reconsideration is not required for an order to be considered final and thus is not a jurisdictional precondition to an appeal. *In re Schaffer*, 173 B.R. 393, 394–95 (Bankr. N.D. Ill. 1994).

### B. Mootness

District courts exercising appellate jurisdiction over a decision from a bankruptcy court nevertheless remain limited by Article III of the Constitution. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013). "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). "In general, a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)); *see also Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 528 (7th Cir. 2001). Put another way, there is no Article III jurisdiction over a moot case. *See also In re Repository Techs., Inc.*, 601 F.3d 710, 716–17 (7th Cir. 2010) ("If, by virtue of an intervening event, the appellate court cannot grant any effectual relief whatever for the appellant, the court must dismiss the case as moot.") (cleaned up). If effective relief is not possible, then the appeal must be dismissed as moot. *See Lardas v. Grcic*, 847 F.3d 561, 567 (7th Cir. 2017).

The only relief Ms. Washington seeks in her appeal is to reverse the order overruling her objection to Chase's Proof of Claim. *See generally* [33]; *see also* [3] at

2–3. But, while this appeal was pending, the bankruptcy court granted an order dismissing the bankruptcy case underlying this appeal. [38]. Accordingly, even assuming the Claim Order was reversible, any action by this Court will have no impact on the parties. The Bankruptcy Court's decision to allow Chase's claim is entirely inoperable because Washington's Chapter 11 case no longer exists. This case is moot. Other courts have reached the same conclusion in similar situations. *Belda v. Marshall*, 416 F.3d 618, 621 (7th Cir. 2005) (holding that an appeal was moot once the underlying bankruptcy case was dismissed without prejudice); *In re Statistical Tabulating Corp.*, 60 F.3d 1286, 1289 (7th Cir. 1995) (explaining the "general rule" that "[d]ismissal of a bankruptcy proceeding normally results in dismissal of related proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings").

### III.   Conclusion

For the reasons explained above, Plaintiff-Appellant Washington's appeal is dismissed. Civil case terminated.

E N T E R:

Dated: March 19, 2025

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

7